JONES TRUCK LINES, INC., Debtor-in-Possession, Plaintiff,

v.

WATER TREATMENT SERVICES, LTD., Defendant.

No. 93 C 3978.

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1993.

Lawrence M. Liebman, Timothy F. Eddy, Eddy & Liebman, Chicago, IL, for plaintiff.

Sara Elwood Cook, Christine Louise Olson, Ellen Debra Holzman, McKenna, Storer, Rowe, White & Farrug, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiff Jones Truck Lines, Inc. ("Jones Truck"), a debtor-in-possession, brought this suit against defendant Water Treatment Services, Ltd. ("Water Treatment") to recover $10,649.66 in alleged freight undercharges, plus costs. This matter is currently before the court on Water Treatment's motion for stay and referral to the Interstate Commerce Commission ("ICC"). For the reasons explained below, defendant's motion for referral to the ICC is granted, but defendant's motion for stay of this case is denied.

### Background

The pertinent facts are as follows. Jones Truck, a motor carrier, provided freight services to Water Treatment, a shipper, pursuant to a written Transportation Agreement which became effective on February 29, 1988. On July 9, 1991, Jones Truck filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. After auditors reviewed its freight bills, plaintiff determined that Water Treatment was not entitled to discount tariffs it received on its original freight bills, and billed defendant for the difference between the rate filed with the ICC (full class rate) and the discounted rate that Water Treatment paid in full between August 1988 and July 1989.

On July 1, 1993, Jones Truck filed this suit against Water Treatment for $10,649.66 in alleged freight undercharges, plus costs. Defendant alleges a number of affirmative defenses including contract carriage, tariff application, and rate reasonableness. Water Treatment now moves for stay of this case and referral to the ICC. Specifically, defendant requests referral so that the ICC may exercise its primary jurisdiction to decide: 1) whether the instant transportation services were "contract carriage" or "common car-

riage" and 2) whether the rates which plaintiff seeks to recover are unreasonable.

### Discussion

"The ICC regulates interstate transportation by motor common carriers to ensure that rates are both reasonable and nondiscriminatory." *Maislin Indus., U.S. Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 119, 110 S.Ct. 2759, 2762, 111 L.Ed.2d 94 (1990). To that end, the Interstate Commerce Act (the "Act") mandates that common carriers publish their rates in a tariff filed with the ICC, and that both the carrier and the shipper adhere to these rates. 49 U.S.C. § 10101 *et seq.; Maislin,* 497 U.S. at 119, 110 S.Ct. at 2762. For that reason, the Supreme Court has read the Act to create strict filed rate requirements, and to forbid equitable defenses to collection of the filed tariff. *Maislin,* 497 U.S. at 127, 110 S.Ct. at 2766. This interpretation of the Act has become known as the filed rate doctrine. *Id.*

At issue here are rate reasonableness and contract carriage, two exceptions to the filed rate doctrine. As defendant correctly notes, the filed rate is unenforceable if the ICC determines that it is unreasonable. 49 U.S.C. § 10701(a); *Maislin,* 497 U.S. at 128, 110 S.Ct. at 2766. Moreover, since the Motor Carrier Act of 1980 "allows motor carriers to operate as both common carriers and contract carriers," the rates that a carrier charges for shipments under its contract authority need not be published with the ICC. *Id.* at 133, 110 S.Ct. at 2769. *See also* 49 U.S.C. §§ 10702(b); 10761(b); 10762(f); 10930(a).

In the instant case, defendant contends that the filed rate doctrine does not apply here because the shipments at issue were moved pursuant to the carrier's contract—not common—carrier authority. Alternatively, Water Treatment argues that it should not have to pay the requested "undercharges" even if plaintiff was acting as a common carrier because the filed rates were unreasonable. Further, defendant maintains that the "contract carriage" and "rate reasonableness" issues should be referred to the ICC because of their particular authority and ex-

pertise in these areas.[1] The court agrees that referral is appropriate.

In *Atlantis Express, Inc. v. Standard Transp. Servs., Inc.*, 955 F.2d 529, 533 (8th Cir.1992), the court noted that if a motor carrier "provided the transportation services ... pursuant to its contract carrier authority rather than its common carrier authority, it is not entitled to its filed rates." Moreover, it is clear that the ICC has primary jurisdiction to determine whether the transportation which it regulates involves contract carriage or common carriage. Ex Parte No. MC–198, *Contracts for Transportation of Property*, 8 I.C.C.2d 520 (May 5, 1992). Consequently, in *Jones Truck v. Communications Supply Serv. Ass'n*, 840 F.Supp. 82, 84 (E.D.Ark. 1993), the district court referred the contract carrier issue to the ICC for it to apply the statutory definition to the pertinent facts based upon its "expert and specialized knowledge."

■ Similarly, this court recently referred another case involving Jones Truck based upon the ICC's established authority over these matters and ability to "effectuate the most efficient resolution" of the dispute. *Jones Truck Lines, Inc. v. Ardco, Inc.*, 1993 WL 339096 (N.D.Ill. Aug. 23, 1993). Although defendant contends that the Transportation Agreement is "wholly insufficient to establish contract carriage,"[2] this court finds that such determination is appropriately made by the ICC because of its primary jurisdiction and expertise in this area.

Furthermore, as defendant points out, numerous federal courts have referred the "reasonableness" issue to the ICC. (*See* Def. Memo, App. 3). However, to justify a referral to the ICC, a party must make a threshold showing of unreasonableness. *Atlantis*, 955 F.2d at 537; *Lifschultz Fast Freight*,

*Inc. v. Nat'l Mfg. Co.*, 804 F.Supp. 1059, 1060 (N.D.Ill.1992). Such is the case here.

Despite plaintiff's assertions to the contrary, the court finds that Water Treatment has made such a showing based upon its motion, exhibits, case authority, and expert affidavit. Specifically, Water Treatment alleges that plaintiff is seeking charges that are almost double that originally agreed upon by the parties. Defendant's transportation industry expert, Michael Bange, supports this assertion in his affidavit. (Bange Aff. at 7). Based upon his experience and knowledge in the motor carrier industry, Bange also states:

> The full, undiscounted class rates which the auditors now seek to apply are artificial "paper" rates, used throughout the industry as a starting point for negotiations of the actual discounted rates to be applied to the traffic of volume shippers. Additional evidence of the artificial nature of the full, undiscounted class rates is found in the carrier's tariff, ICC JTLS 625–A, which became effective November 23, 1987 and remained in effect throughout the time period covered by the "balance due" bills.[3]

(Bange Aff. at 24).

In sum, the ICC has primary jurisdiction over the contract carriage and rate reasonable issues presented in this case. In addition, defendant has made its threshold showing of unreasonableness. Therefore, the court finds that this case should be referred to the ICC in the interests of uniformity and efficient resolution of this matter.

### Conclusion

■ For the foregoing reasons, defendant's motion for stay and referral to the ICC is granted in part and denied in part. Defendant's motion for referral to the ICC is granted. However, in keeping with this

---

**1.** Defendant's Memorandum in Support of its Motion for Stay of Proceedings and Referral to the Interstate Commerce Commission ("Def. Memo") at 8, 11.

**2.** Plaintiff's Response to Motion of the Defendant Water Treatment Services, Ltd., for Stay and Referral to the Interstate Commerce Commission at 1.

**3.** Plaintiff's auditing expert, Charles Shinn, strenuously disagrees with these conclusions (and Bange's other conclusions). (*See e.g.*, Shinn Aff. at 8–10). Nevertheless, the court finds that defendant's brief and supporting documentation are sufficient to make a threshold showing of unreasonableness.

court's policy of denying stays of freight cases which are referred to the ICC, defendant's motion for a stay is denied. The court orders this case dismissed without prejudice and with leave to reinstate within thirty (30) days of the ruling by the ICC.